OvERTON, J.
delivered the following opinion of the Court: —
On the first impression the Court entertained no doubt of the correctness of the opinion of the circuit judge in relation to the record, because we conceived that the jury could not be misled by it, as the main point of the ■charge was correct, viz. that a child born after the mother’s freedom commenced was free.
But on further argument and more minute attention to the subject, it occurs that the incorrectness of the charge had a manifest tendency to mislead the jury, and therefore the error must be corrected.
To make a record conclusive evidence in .any case it must have been between the same parties or their privies on some point coming directly in issue by the pleadings, and not to be collected by any inference or otherwise shown. Hence, it would seem it must specially be relied on as an estoppel agreeably to the case in 3 East, 364,365, 366. Now, it is evident that the time when Clarissa’s freedom commenced does not appear from the record, and consequently it is no evidence of that fact, neither prima facie nor conclusive. It was evidence that the mother was free at the time the writ in that suit issued; but as to the time of the commencement of *238 that freedom the record is silent, and therefore bore no relation to the freedom of a child born previously. This observation, however, will also be understood in relation to the evidence in that case as disclosed by Mr. Hayes, that Clarissa, the mother, was not born free, but emancipated.
If the jury had taken the trouble of looking into the record and thinking for themselves, it would readily have occurred that the judge was mistaken in supposing that the record had any relation to the points of the charge. But we are not to presume they did examine the record; it was their duty to confide in what the judge stated as to the points of law. The jury might well understand that the record was conclusive as to any inquiry respecting the freedom of the boy. Whether the boy was free or not was completely open to proof, it having been shown that he was born previous to the emanation of the writ in the suit of the mother against the present plaintiff Nay, the question whether the mother was free was open to investigation by the jury, coming as that question did into view collaterally and not by a special plea. But in all such cases courts would consider that of great weight, and unusually strong evidence would be required to overthrow the verdict of another jury. In the nature of things every jury would'consider it in the same light. The first investigation being on oath on a point coming directly in issue, and consequently the parties completely prepared, deserves the highest respect when coming collaterally into view in another suit, and more especially when such investigation is nearer in point of time to the date of the transaction giving rise to the first verdict and judgment. Of so high a nature in point of credit is such a verdict, that many writers of respectable jurisprudence have treated of it as conclusive ; and so the judges of the State of Virginia seem to have construed it in some of the cases referred to at the bar. See 2 Wash. 64 ; 1 Hen. & Mun. 55, 193, 203. In this reasoning, the Court desires to be understood when speaking of a verdict being conclusive, that it must be so in point of law, which it cannot be unless relied upon in pleading. In point of fact it comes before a jury, and they surely ought to consider themselves bound by it unless they clearly and beyond all doubt are convinced it was erroneous. Suppose the boy was born after the issuance of the writ in the first suit, he might have pleaded that matter and relied on the verdict in the case of the mother as an estoppel, and the facts appearing that the plaintiff was a party to the former suit he would have been barred; in which case the Court would consider the son as privy in blood, and Edwards, the plaintiff in the former suit, would be estopped from replying fraud or collusion as might be the case if he had not been a party. And on the same ground he cannot give in evidence fraud and collusion in his suit with the mother. And further, he having been a party to the former suit, though the Court cannot say the verdict is conclusive in point of law, it is difficult to conceive a case but that it would be conclusive in point of *239 fact. Perhaps nothing less than proof that would remove the smallest particle of doubt would be sufficient to authorize a jury to find contrary to such a verdict. In reason and justice there is the same ground that the jury should consider it as conclusive as that the Court should when referred to them by special pleading. But it being a point of fact, the Court cannot constitutionally say that one jury shall be bound in all imaginable circumstances by the finding of another. In other respects the Circuit Court was correct. But the judgment must be reversed.